# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JESUS ROEL MUNGUIA | § | |
| | § | |
| V. | § | A-18-CV-381-LY |
| | § | (A-11-CR-49(2)-LY) |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Jesus Roel Munguia's Motion to Vacate (Dkt. No. 471), the Government's Response (Dkt. No. 505); and Munguia's Supplements to his Motion to Vacate (Dkt. Nos. 472 & 504). The undersigned submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules.

## I. GENERAL BACKGROUND

On February 1, 2011, Munguia was charged with (1) conspiracy to possess with intent to distribute 50 grams or more of methamphetamine (actual) and 100 kilograms or more of a mixture and substance containing a detectible amount of marijuana in violation of 21 U.S.C. § 841 and 846, and (2) two counts of possession with intent to distribute 5 grams or more of methamphetamine (actual) in violation of 21 U.S.C. § 841, and aiding and abetting in violation of 18 U.S.C. § 2. On April 14, 2011, pursuant to a plea agreement, Munguia pled guilty to the two counts of possession with the intent to distribute methamphetamine and aiding and abetting. Based upon his criminal history and relevant conduct, Munguia's advisory guideline range was 151 to 188 months with a statutory maximum of 40 years. On August 11, 2011, the District Court sentenced Munguia to a 151 months of imprisonment, followed by a four-year term of supervised release on each count to run

concurrently. Dkt. No. 335. Munguia filed a direct appeal which was dismissed by the Fifth Circuit. Dkt. No. 364. On April 8, 2015, the District Court granted Munguia's Motion to reduce his sentence pursuant to 18 U.S.C. § 3582 from 151 to 130 months based on amendments to the Sentencing Guidelines. Dkt No. 385.

On March 23, 2018, Munguia filed another motion for reduction of sentence under 18 U.S.C. § 3582 claiming that he was not given any jail credit from February 22, 2011, through June 8, 2011. Dkt. No. 466. On March 27, 2018, the District Court dismissed the motion finding that "Defendant's motion is an unauthorized motion over which this court does not have jurisdiction." Dkt. No. 467. Munguia appealed the District Court's ruling but the appeal was dismissed for want of prosecution. Dkt. No. 473. On April 23, 2018, Munguia filed another motion for reduction of sentence under 18 U.S.C. § 3582 arguing that his sentence should be reduced because his base offense level was increased by two points based on his previous misdemeanor conviction for making a terroristic threat, which he argued is not a crime of violence under *Sessions v. Dimaya*, – U.S –, 138 S.Ct. 1204 (2018). The District Court also dismissed this motion finding that it did not have jurisdiction to rule on the motion since it did not fall within the limited circumstances under the statute for modifying a sentence. Dkt No. 470. The District Court also noted that even if it had jurisdiction the motion would be denied because "*Dimaya* has absolutely no effect on the calculation of Defendant's criminal history score." *Id.* at p. 2 n.1.

A few days later, Munguia filed the instant Motion to Vacate under 28 U.S.C. § 2255, arguing once again that he was denied 120 days of jail credit for time spent in jail between February 22, 2011, through June 8, 2011, in violation of 18 U.S.C. § 3585. Munguia also argues that he was denied the effective assistance of counsel because his attorney failed to argue at sentencing and on

appeal that (1) he was entitled to 120 days of credit toward his sentence and (2) that his previous conviction for making a terroristic threat was not a crime of violence and thus should not have been used to increase his base offense level. Munguia also argues that his attorney was ineffective because he coerced him into signing the waiver of his appeal rights and he did not realize he was waiving his right to appeal his sentence on non-frivolous grounds. Munguia requests that this Court grant him a 120 days of jail credit towards his sentence.

## II. STANDARD OF REVIEW

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after is it presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). A defendant's claim of ineffective assistance of counsel gives rise to a constitutional issue and is cognizable pursuant to § 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1996).

## III. ANALYSIS

**A.     18 U.S.C. § 3585(b)**

Munguia argues once again that he was denied 120 days of jail credit for time spent in jail between February 22, 2011, through June 8, 2011, in violation of 18 U.S.C. § 3585(b). Munguia is not contesting the legality or validity of his sentence, but rather is arguing that he should have received additional credit for time served in jail. "Such claims are not cognizable in § 2255 proceedings but must be addressed as habeas petitions under 28 U.S.C. § 2241." *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990). This is because "a motion for credit of time calls for the computation of the service of a legally rendered sentence and is not directed toward the sentence itself so as to be cognizable only under 28 U.S.C. § 2255." *Id.* (quoting *Soyka v. Alldredge*, 481 F.2d 303, 305 (3rd Cir. 1973). Thus, any claims regarding the application of sentencing credit to federal sentences must be brought in a motion under § 2241. *Id.* at 77-78; *Vasquez v. United States*, 2006 WL 1663762 at * 2 (S.D. Tex. June 13, 2006) (dismissing claim seeking credit against his sentence for time served since it was not cognizable under § 2255). That claim must be pursued in the district in which Munguia is incarcerated. *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) ("[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition."). Because Munguia is incarcerated at USP Coleman II in Summerville, Florida, only the Middle District of Florida would have jurisdiction to entertain this time credit claim.[1] Munguia's jail credit claim should therefore be dismissed for lack of jurisdiction.

---

[1] Of course Munguia would also have to exhaust his administrative remedies through the Bureau of Prisons before filing a § 2241. *Gabor*, 905 F.2d at 78 n. 2.

**B.     Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id*. A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997)).

As noted above, Munguia argues that he was denied the effective assistance of counsel because his attorney (1) failed to argue that he was entitled to 120 days of credit toward his sentence under 18 U.S.C. § 3585(b); (2) failed to argue that his previous conviction for making a terroristic threat was not a crime of violence and thus should not have been used to increase his base offense

level; and (3) "coerced" him into signing the appeal waiver provision and he did not understand he was waiving his appeal rights.

**1.     18 U.S.C. § 3585(b)**

Munguia argues that he was denied the effective assistance of counsel because his attorney failed to argue at sentencing that he was entitled to 120 days of credit toward his sentence under 18 U.S.C. § 3585(b). Munguia's attorney could not have been ineffective for failing to make such an argument because a district court does not have the authority under § 3585(b) to award credit toward a defendant's sentence at sentencing. *United States v. Wilson*, 503 U.S. 329, 334 (1992). In *Wilson*, the Supreme Court observed that the language of the statute "indicated that computation of the credit must occur after the defendant begins his sentence" and therefore "[a] district court, therefore, cannot apply § 3585(b) at sentencing." *Id.* The Court reasoned: "Because § 3585(b) bases the credit on how much time a defendant 'has spent' (not 'will have spent') prior to beginning his sentence, the District Court could not compute the amount of the credit at sentencing." *Id.* Accordingly, after the defendant has been sentenced "the Attorney General, through the BOP, has the responsibility for administering the sentence." *Id.* at 335. "Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant." *Id.* This claim therefore fails.

**2.     Previous Conviction**

Next, Munguia argues that this attorney was ineffective for failing to argue to the District Court that his previous conviction for making a terroristic threat was not a crime of violence under

6

*Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and thus should not have been used to increase his base offense level.

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court invalidated the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii), which defined a "violent felony" as one involving "conduct that presents a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct. at 2563. In *Dimaya*, the Supreme Court held that the definition of "crime of violence" in 18 U.S.C. § 16(b), as incorporated in the Immigration and Nationality Act, is unconstitutionally vague. *See Dimaya*, 138 S. Ct. at 1210. Munguia argues that the District Court should have not used his previous conviction for making a terroristic threat to increase his base offense level since it was not "a crime of violence." This claim is meritless.

First, Munguia fails to note that his attorney did in fact argue that Munguia's conviction for making a terroristic threat should not have been used to increase his criminal history score. In his "Sentencing Memorandum Request of Downward Departure," Munguia's attorney clearly and unequivocally argued that Munguia's conviction for making a terroristic threat against his ex-girlfriend should not have been considered a violent crime used to increase his criminal history score and requested that his criminal history category be reduced to a category III. See Dkt. No. 324 at 20-22. Accordingly, Munguia's claim is belied by the record as counsel made the arguments that he contends he was ineffective for failing to make.

Even if his attorney had not made such an argument, it would fail anyway as neither *Johnson* nor *Dimaya* apply to Munguia's conviction or sentence because his sentence was not calculated based on the ACCA or the INA but, instead was based on U.S.S.G. § 2D1.2. The Supreme Court has determined that the Sentencing Guidelines are not subject to vagueness challenges, which would

foreclose any *Johnson* or *Dimaya*-based claim regarding a sentencing enhancement. *See Beckles v. United States*, 137 S. Ct. 886 (2017). In addition, the Fifth Circuit has determined that the holding in *Beckles* is not abrogated by *Dimaya*. *See United States v. Godoy*, 890 F.3d 531, 537 (5th Cir. 2018) ("The Guidelines are not subject to vagueness challenges. So it does not necessarily follow from *Dimaya* that § 16(b) is unconstitutionally vague in the Guidelines context."); *United States v. Velasquez-Rios*, 731 F. App'x 358, 359 (5th Cir. 2018) (challenge to the sentencing enhancement for having been deported after having committed an aggravated felony is foreclosed by *Godoy*, 890 F.3d at 541–42), *cert. denied*, 139 S.Ct. 495 (2018).

Accordingly, because Munguia's offense level and criminal history score were calculated using the sentencing guidelines, which are advisory and not subject to a vagueness challenge, *Johnson* and Dimaya do not apply to his sentence. *See Sanchez-Perez v. McConnell*, 2018 WL 6272040 at * 2 (W.D. La. Aug. 17, 2018) (rejecting argument that application of U.S.S.G. § 4B1.2 violated *Dimaya* and *Johnson* since the Sentencing Guidelines are not subject to vagueness challenges); *Williams v. United States*, 2018 WL 2126477, at *3 (E.D. Tex. May 8, 2018) (rejecting Johnson claim since defendant's offense level and criminal history score were calculated on sentencing guidelines). Therefore, Munguia's attorney could not have been ineffective for failing to argue that his sentence was in contravention of *Dimaya*. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.").

3.   **Waiver of Appeal Rights**

In Munguia's "Motion for Pretrial Jail Credit" Munguia argues that his attorney was ineffective for failing to inform him that by signing the waiver of appeal rights he would be giving

up his right to appeal "non-frivolous issues such as jail credit." Dkt. No. 506 at p. 5.[2] Munguia's Plea Agreement contained a waiver of appeal provision which provided, in relevant part, the following: "The Defendant agrees to give up his/her right to appeal his/her conviction, the judgment, and orders of the Court. The Defendant also agrees to waive any right he/she may have to appeal his/her sentence." Dkt. No. 181 at p. 2.

A criminal defendant may waive his statutory right to appeal in a valid plea agreement. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) (holding appellate waivers are enforceable if invoked by the United States). "An appeal waiver bars an appeal if the waiver (1) was knowing and voluntary and (2) applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Higgins*, 739 F.3d 733, 736 (5th Cir.), *cert. denied*, 572 U.S. 1127 (2014). "A defendant must know that he had a right to appeal his sentence and that he was giving up that right." *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (internal quotation marks and citation omitted).

Whether a guilty plea is "knowing" focuses on "whether the defendant understands the direct consequences of his plea including the maximum possible penalty," while "voluntariness" concerns "whether the plea was induced by threats, misrepresentation, unfulfilled promises, or improper promises." *United States v. Diaz*, 516 F. App'x 358, 360 (5th Cir. 2013) (per curiam) (citing *United States v. Hernandez*, 234 F.3d 252, 255 & n.3 (5th Cir. 2000)). Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are voluntary and knowing, by requiring a judge to ensure the defendant understands the law governing his crime in

---

[2] Because Munguia's Motion for Pretrial Jail Credit (Dkt. No. 506) has not been referred to the Magistrate Court, the Court has not issued a recommendation as to that motion. The Court, however, addressed the ineffective assistance of counsel argument contained therein as it is related to the § 2255 Motion.

relation to the facts of his case, as well as his rights as a criminal defendant. *United States v. Vonn*, 535 U.S. 55, 62 (2002). At Munguia's Rearraignment hearing, the United States Attorney summarized the terms of the Plea Agreement, in relevant part, as follows:

> Defendant agrees to enter a plea of guilty to counts two and three of the indictment which charges him with possession with intent to distribute a controlled substance. He represents to the Court that he's satisfied his attorneys have rendered effective assistance. The United States Attorney for the Western District have made no agreement with the defendant or his counsel concerning possible sentence, and he's aware that his sentence has not yet been determined by the Court.
>
> Knowing these facts, he agrees that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for this offense and that any guideline range found by the Court does not render the Court's authority to impose a sentence pursuant and that the sentencing guidelines are advisory only.
>
> He's aware of any immigration consequences that might result in the defendant's plea of guilty. He agrees to give up his right to appeal his conviction and judgment rendered by the Court and agrees to waive any right he may have to appeal his sentence.

Dkt. No. 352 at p. 15-16.

After the summary was read in open court, Munguia informed the instant Magistrate Judge that he had read, agreed to, understood the Plea Agreement and discussed it with his attorney. *Id.* at 16. The undersigned then specifically discussed the appeal waiver with Munguia and Munguia informed the Court that he understood that he was giving up his right to appeal or challenge legally in any way either the conviction or the sentence except in the case of ineffective assistance of counsel and prosecutorial misconduct. *Id.* at 18. Munguia also informed the Court that he had discussed the waver of appeal provision with his attorney. *Id.* at 23. The Court then informed Munguia what he was being charged with and the maximum punishment for that offense. Munguia informed the Court that understood the charge and the maximum penalty and that was pleading

guilty freely and voluntarily and that he had not been "threatened" or "forced" to plead guilty. *Id.* at 35-36.

The Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Furthermore, a petitioner's "clear and unambiguous plea agreement is afforded great evidentiary weight," see *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir.), *cert. denied*, 513 U.S. 1064 (1994), and bald allegations to the contrary are insufficient to merit § 2255 relief. Since Munguia's statements in open court conclusively demonstrate that he was fully aware of, and informed about, the nature of his plea agreement and its terms, his claim that he his plea was involuntary fails. Accordingly, this claim is also without merit.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the District Court **DENY** the Motion to Vacate in its entirety (Dkt. No. 471).

## V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions

accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

**VI. CERTIFICATE OF APPEAL**

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, effective as amended to February 1, 2010, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve

encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, a the Court recommends that a certificate of appealability not be issued.

SIGNED this 5th day of April, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE